UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL RODI, Administrator of the Estate of TYHEIM BROWN a/k/a TYHEIJM J-SEAN BROWN, deceased**<br><br>**Plaintiff**<br><br>v<br><br>**KENNETH R. WILLIAMS and GUS GENETTI OF WILLIAMSPORT, INC.: a/k/a GENETTI LYCOMING HOTEL a/k/a GENNETTI HOTEL & SUITES,**<br><br>**Defendants** | :<br>:<br>:<br>:<br>: CIVIL ACTION NO. 4:12-1379<br>:<br>: (JUDGE MANNION)<br>:<br>:<br>:<br>: |

## MEMORANDUM

**I.   BACKGROUND**

Pending before the court is the plaintiff's petition to approve the settlement of a wrongful death case. (Doc. 59). Plaintiff is Michael Rodi, Administrator of the Estate of Tyheim Brown, a/k/a Tyheim J-Sean Brown, Deceased. The decedent resided with his father, Bernard Bland, in Kings County, New York, and was eight years old at the time of his death. The injuries that resulted in the decedent's death were sustained on July 18, 2010, at the Genetti Hotel & Suites, 200 W. 4th Street, Williamsport, PA, when he drowned at the hotel swimming pool. Plaintiff commenced this action on July 17, 2012, against Kenneth R. Williams and Gus Genetti of Williamsport, Inc. (Doc. 1).

Plaintiff seeks authorization to enter into a settlement with defendant

Gus Genetti of Williamsport, Inc., in the gross sum of $345,000.00. The settlement is to be allocated 100% to the wrongful death claim and 0% to the survival action claim. The settlement funds proposed to be allocated to the wrongful death claim are to be distributed as follows: Bernard Bland $212,047.28; Ginsburg & Associates Counsel Fees $115,000.00; and, Ginsburg & Associates Reimbursement of Costs $17,952.72.

**II.    DISCUSSION**

"Under 20 Pa.C.S. §3323, court approval is required for compromise of suit by or against an estate. Where court approval of settlement is required, an agreement is not binding until approved by a judge." Carter v. SEPTA, 2001 WL 1807392,*5 (Pa.Com.Pl. Dec. 20, 2001). "The overriding interest at stake is the 'trial court's continuing responsibility to guard the interests of the [estate]' ... ." Id., *6; Moore v. Gates, 398 Pa.Super. 211, 217-18, 580 A.2d 1138, 1141 (Pa.Super.Ct. 1990), petition for allowance of appeal denied, 527 Pa. 617, 590 A.2d 758 (1991) (The authority of a trial court to review settlements involving an estate is unquestioned and the requirement for court approval protects the estate, as well as its creditors and beneficiaries). Court approval of a settlement is not required when the only heirs entitled to recover for the wrongful death of a decedent are competent adults. However, before a survival claim, i.e., the estate's cause of action, can be settled on behalf of a decedent's estate, such a settlement must be judicially approved. Id.

2

Moreover, where wrongful death and survival actions are settled for a single amount, the court having jurisdiction over the survival action must approve of the settlement. Id.

Under the Pennsylvania Wrongful Death Act, 42 Pa.C.S. §8301(b), damages are compensation to individual members of the decedent's family for the pecuniary loss sustained by the death of the decedent. Tulewicz v. Southeastern Pennsylvania Transportation Authority, 529 Pa. 588, 606 A.2d 427 (1992). Survival actions under the Pennsylvania Survival Act, 42 Pa.C.S. §8302, are brought by the administrator of the estate to benefit the decedent's estate. Kiser v. Schulte, 538 Pa. 219, 648 A.2d 1 (1994).

In this case, the final agreement regarding the apportionment of the settlement proceeds indicates that the full amount to be paid to decedent's father Bernard Bland is $212,047.28 to settle only the wrongful death claim and $0.00 is to be paid to the estate administrator Mr. Rodi to settle the survival action. Mr. Rodi believes that "it is in the best interests of the estate of the decedent and those interested therein to accept the settlement so offered and that this is the largest amount that can be obtained without further litigation." (Doc. 59, ¶ 6). The attorney fees and costs of Ginsburg & Associates for representing the plaintiff in this case are $115,000.00 and $17,952.72, respectively.

Since none of the settlement proceeds are to be paid towards the survival claim and since Geisinger Medical Center has submitted an

outstanding medical bill in the amount $189,221.98 for the treatment of decedent after the swimming pool accident until his death on July 23, 2010, the court directed plaintiff to file a brief in support of the petition to approve the settlement and to again contact Geisinger's counsel to see if it intended to pursue its claim. On April 8, 2015, plaintiff submitted his brief in support of the petition with several exhibits attached. (Doc. 63). Mr. Rodi's Affirmation is included in which he avers that there are no liens, debts or estate taxes due on the subject estate as of April 6, 2015. (Doc. 63-8). Also included is a copy of a letter from plaintiff's counsel to counsel for Geisinger dated April 8, 2015, which was sent pursuant to the court's directive, enclosing a copy of the instant petition and brief. (Doc. 63-7). The letter states that plaintiff rejected Geisinger's lien as "invalid and uncollectable," and requests that its counsel notifies the court and both counsel in this case by April 17, 2015, as to whether it intends on pursuing the lien. Counsel for Geisinger did not respond to the letter and thus, Geisinger is deemed as not pursuing its potential lien and as not opposing the petition to approve settlement of this case.

    The court must independently evaluate the proposed settlement petition. See Collier v. Officer, No. CIV.A. 98-3261, 1998 WL 666036, at *1 (E.D.Pa. Sept. 24, 1998). "The petition must provide the court with sufficient information on which to base its determination." Id. The petition should include all relevant facts and the reasons why the administrator of the minor's estate believes "the settlement is desirable and why it is in the [estate's] best interest

to settle the action." See Collier, 1998 WL 666036, at *1 (citation omitted). Relevant facts include how any medical bills and liens regarding the care of the deceased minor are to be handled by the settlement.

The court has reviewed the petition, Doc. 59, and the brief in support as well as the exhibits, Doc. 63, and finds sufficient information as to why Geisinger Medical Center's bill in the amount of $181,221.98 for the care of decedent minor is rejected and will receive no portion of the settlement amount. The petition states that "This claim is rejected since [decedent] was a minor at the time of this incident [and] could not incur such debt" and "since 100% of this claim is allocated to wrongful death none of the proceeds will pass through the estate." (Doc. 59, ¶ 14). Also, plaintiff's counsel did not receive responses, nor objections to his many correspondence regarding Geisinger's potential claim for outstanding medical bills, which shows that Geisinger has waived any lien or claim it may have against the estate. The court is also satisfied that the amounts to be paid for attorney fees and costs are reasonable.

## III. CONCLUSION

Accordingly, the plaintiff's petition to approve the settlement of a wrongful death case, (Doc. 59), is **GRANTED**. A separate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 23, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2012 MEMORANDA\12-1379-01.wpd